IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LYDIA CRANDALL,

    Plaintiff,

vs.                                 No. 23-CV-523-KK-LF

NEW MEXICO SEVENTH JUDICIAL DISTRICT COURT
and ADMINISTRATIVE OFFICE OF THE COURTS,

    Defendants.

## ANSWER TO COMPLAINT

COME NOW Defendants Seventh Judicial District Court and the Administrative Office of the Courts ("Defendants"), by counsel, and hereby answer Plaintiff's Complaint for Violation of Title VII of the Civil Rights Act and the New Mexico Human Rights Act ("Complaint") as follows.

1. Defendants admit that Plaintiff has described her action in paragraph 1 of the Complaint but Defendants deny all of the remaining averments set forth in paragraph 1.

2. Defendants admit the averments set forth in paragraph 2.

3. Defendants admit the averments set forth in paragraph 3.

4. Defendants admit the averments set forth in paragraph 4.

5. Defendants admit the averments set forth in paragraph 5.

6. Defendants admit the averments set forth in paragraph 6.

7. Defendants admit the averments set forth in paragraph 7.

8. Defendants admit the averments set forth in paragraph 8.

9. Defendants admit the averments set forth in paragraph 9.

10. Defendants admit the averments set forth in paragraph 10 except Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 10

that Plaintiff was qualified.

11. Defendants admit the averments set forth in paragraph 11.

12. Defendants admit the averments set forth in paragraph 12.

13. Defendants admit the averments set forth in paragraph 13 in that Plaintiff requested a religious accommodation, but Defendants deny any implication that Plaintiff did so in an effective, appropriate and procedurally proper manner.

14. Defendants admit the averments set forth in paragraph 14 except Defendants deny the allegation that Ms. Romero stated, "those requests were being denied [by AOC]" and Defendants affirmatively state that Ms. Romero informed the Plaintiff that AOC previously had denied one such request.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 15, as to what, exactly, Plaintiff said.

16. Defendants admit the averments set forth in paragraph 16 and Defendants affirmatively state that Plaintiff made the decision to terminate the interview.

17. Defendants admit the averment set forth in paragraph 17 that no interactive discussion took place during the interview but Defendants deny all the remaining allegations in paragraph 17.

18. Defendants deny the averments set forth in paragraph 18.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 and Defendants specifically deny any implication that Plaintiff legally and/or properly requested an accommodation.

20. Defendants deny the averments set forth in paragraph 20.

21. Defendants deny the averments set forth in paragraph 21.

22. Defendants admit the averments set forth in paragraph 22.

23. Regarding paragraph 23 of the Complaint, Defendants adopt and incorporate their respective responses to those paragraphs.

24. Defendants admit the averments set forth in paragraph 24 except Defendants deny the NMHRA requires reasonable accommodations for religious practices and beliefs.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25.

26. Defendants deny the averments set forth in paragraph 26.

27. Defendants admit that Plaintiff notified the interviewers that she objected to getting a Covid vaccination on the basis of religion, as alleged in paragraph 27, but Defendants deny that Plaintiff in fact requested a religious accommodation, as alleged.

28. Defendants deny the averments set forth in paragraph 28.

29. Defendants deny the averments set forth in paragraph 29.

30. Defendants deny the averments set forth in paragraph 30.

31. Defendants deny the averments set forth in paragraph 31.

## AFFIRMATIVE DEFENSES

Defendants hereby raise the following separate and alternative affirmative defenses:

1. The New Mexico Human Rights Act claim set forth in the Complaint fails to state a claim upon which relief can be granted.

2. Defendants did not violate Title VII and/or the NMHPA.

3.  Defendants hereby reserve the right to raise additional affirmative defenses based on future investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, for the reasons set forth, Defendants respectfully request the Court to enter judgment in their favor against Plaintiff and to order that:

(a)  Plaintiff's Complaint be dismissed with prejudice;

(b)  Plaintiff pay costs; and

(c)  Defendants be granted such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**LAW OFFICE OF MICHAEL DICKMAN**

By:  /s/ Michael Dickman
MICHAEL DICKMAN
Post Office Box 549
Santa Fe, New Mexico 87504
505-989-9360
mikedickman@yahoo.com
**Attorney for Defendants**

**CERTIFICATE OF SERVICE**

I certify that I caused copies of this pleading
to be electronically served on
all counsel of record
at their respective email addresses as registered on CM/ECF
on the date of filing hereof

/s/ Michael Dickman
MICHAEL DICKMAN

-4-